RAPHAEL CAZZAZA, Respondent, v. JOSEPH SETTEL, Appellant.— Order granting motion to open default affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

HARRY CRAM, an Infant, by J. SERGEANT CRAM, His Guardian ad Litem, Respondent, v. WHEATLEY HILLS NATIONAL BANK, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

CRENSHAW ENGINEERING & CONSTRUCTION CO., INC., Appellant, v. NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent, Impleaded with LINDLEY M. GARRISON, as Receiver of NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent, Appellant, and THE ÆTNA CASUALTY AND SURETY COMPANY and Others, Respondents.— On the appeal of Crenshaw Engineering & Construction Co., Inc., against New York Municipal Railway Corporation and Lindley M. Garrison, as receiver of New York Municipal Railway Corporation, judgment unanimously affirmed, with costs. On the appeal of Lindley M. Garrison, as receiver of New York Municipal Railway Corporation, judgment in favor of the Ætna Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and London and Lancashire Indemnity Company of America, reversed upon the law, and judgment unanimously directed in favor of said receiver, appellant, against said surety companies in the amount of the obligation of each as specified in the bond. On the appeal of Lindley M. Garrison, as receiver of the New York Municipal Railway Corporation, from the judgment in favor of New England Equitable Insurance Company, judgment unanimously affirmed, with costs. We are satisfied that the evidence showed conclusively that the receiver was not indebted to the plaintiff contractor on March 19, 1919, but that the contractor at that time had been overpaid. The contractor acquiesced in the engineer's certificate and the receiver's direction thereon declaring the contractor in default, by its letter of March 22, 1919, which confessed the inability of the contractor to proceed with the work but gave as reasons therefor the refusal of the receiver to readjust the contract, which he was not legally obliged to do, and delays to which the contractor asserted it had theretofore been subjected, which were legally waived by it in continuing with the work. As to the respondents the Ætna Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and London and Lancashire Indemnity Company of America, we are of the opinion that in the circumstances shown the receiver, as matter of law, did all that was necessary within a reasonable space of time to hold said surety companies upon their bond; and, furthermore, that said surety companies established nothing upon the trial indicating that they were in any wise prejudiced or harmed before being notified by the receiver that they would be held for the contractor's default and giving them an opportunity to complete the contract. As to the New England Equitable Insurance Company, we sustain the judgment in its favor upon the ground that it in no wise consented to the supplemental agreement of May 16, 1918, which materially modified the original contract and released both the contractor and railway corporation from their theretofore existing liabilities and obligations. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ.